**Sekas & Associates, LLC**
**Nicholas G. Sekas (NS-3842)**
**515 Madison Ave, 8th Floor**
**New York, NY 10022**
**Telephone 212.695.7577**
**Attorneys for Plaintiff, Patricia Rao**

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICIA RAO,

      Plaintiff,

-against-

BELLEVUE HOSPITAL, MANHATTAN PARKING SYSTEMS, LLC, THE CITY OF NEW YORK, and JOHN/JANE DOES 1-100 (Fictitious persons whose names are not yet known), XYZ CORPORATIONS 1-100 (Fictitious corporations whose identities are not yet known) and ABC ENTITIES 1-100 (Fictitious commercial entities and/or government agencies/departments whose identities are not yet known),

      Defendants

-----------------------------------------------------------------X

08 Civ. 01922 (SWK)
ECF Case

# COMPLAINT AND JURY DEMAND

PLAINTIFF, by her attorneys, SEKAS & ASSOCIATES, LLC, complaining of the Defendants, alleges on personal knowledge as to matters relating to themselves, and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1) This action is brought to vindicate the rights of Plaintiff Patricia Rao, an elderly woman who was seriously and unnecessarily injured while walking through the parking lot that services visitors to Bellevue Hospital.

2) Plaintiff had just exited her vehicle and was walking toward Bellevue Hospital to visit a patient when she tripped over an elevated portion of the surface of the parking lot, causing her to immediately fall to the ground.

3) Plaintiff sustained serious injuries as a result of the aforementioned fall. These injuries would have been avoided if the Defendants had expended minimal energy in ensuring that common sense safety issues are identified and regularly resolved. By ignoring a plainly obvious safety hazard, Defendants' behavior, individually or jointly, constituted negligent and/or reckless disregard for the safety and well-being of members of the public who availed themselves of the services of the parking lot.

## THE PARTIES

### A. Plaintiff

4) The Plaintiff is a citizen of the State of New Jersey. She is domiciled in Hawthorne, New Jersey, and does not reside in any other state.

### B. Defendants

5) Bellevue Hospital is a medical institution that is owned and operated by the City of New York.

6) Manhattan Parking Systems, LLC, is a limited liability company organized under the laws of the State of New York.

7) The City of New York is a metropolitan municipality located within the State of New York.

8) Fictitious defendants are unknown persons, corporations, commercial or governmental entities, against whom at least one cause of action is appropriate because

either vicarious liability exists, or because the conduct of said defendants constituted a tort for which relief is justified.

9) Fictitious defendants are also contractors, subcontractors, agents, servants and/or employees of the aforementioned defendants listed above in paragraphs 5 through 8.

## JURISDICTION AND VENUE

10) This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1332. Section 1332 grants jurisdiction to the federal courts when there is complete diversity between all adverse parties, and when the amount in controversy exceeds $75,000.

11) As Plaintiff Patricia Rao is a citizen of New Jersey for the purpose of determining whether subject matter jurisdiction exists under 28 U.S.C. §1332, and as none of the defendants are citizens of New Jersey for the same purpose, the diversity of citizenship requirement articulated in 28 U.S.C. §1332 has been satisfied.

12) As Plaintiff Patricia Rao has sustained severe injuries as a result of her fall, and as the damages alleged herein exceed $75,000, the amount in controversy requirement of 28 U.S.C. §1332 has been satisfied.

13) As all of the requirements of 28 U.S.C. §1332 have been satisfied, this Court has original subject matter jurisdiction over the instant case or controversy.

14) This Court also has personal jurisdiction over the instant controversy because all of the defendants are domiciled in the State of New York.

15) Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (f).

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

16) That at all the times hereinafter mentioned, the defendant, Bellevue Hospital, is a New York corporation and/or commercial entity and/or government agency/department.

17) That at all the times hereinafter mentioned, the defendant, Manhattan Parking Systems, LLC is a Limited Liability Company organized under the laws of the State of New York.

18) That at all time hereinafter mentioned, the defendants, Bellevue Hospital, Manhattan Parking Systems, LLC, The City of New York, John/Jane Does 1-100 (Fictitious persons whose names are not yet known), XYZ corporations 1-100 (Fictitious corporations whose identities are not yet known) and ABC entities 1-100 (Fictitious commercial entities and/or government agencies/departments whose identities are not yet known), participated in an economic relationship with at least one other co-defendant, the exact details of which will be revealed as discovery progresses.

19) That at all times hereinafter mentioned, the defendant, Manhattan Parking Systems, LLC, as a consequence of the economic relationship described in paragraph 18 above, was then-responsible for the daily operation of a parcel of property commonly referred to as the Bellevue Hospital parking lot (hereinafter referred to as the "parking lot").

20) That at all times hereinafter mentioned, any or all of the defendants are responsible, directly or indirectly, for maintaining the above-mentioned parking lot in a safe condition as a consequence of the above-mentioned economic relationship.

21) That at all times hereinafter mentioned, the above-mentioned economic relationship between the co-defendants gives rise to a cause of action by a plaintiff who

becomes injured while traversing the above-mentioned parking lot, and said cause of action exists against any or all of the defendants.

22) That on or about November 29, 2006, and at or about 1:30 in the afternoon, Plaintiff, Patricia Rao, was traversing the above-mentioned Bellevue Parking lot.

23) That on or about November 29, 2006, and at or about 1:30 in the afternoon, Plaintiff, Patricia Rao, fell after contacting a pipe that was then-protruding from the ground of the above-mentioned parking lot.

24) That on, about, or after November 29, 2006, and at, about, or after 1:30 in the afternoon, Plaintiff, Patricia Rao sustained serious, severe, debilitating and permanent injuries as a result of the fall described above in paragraph 23 above.  Moreover, Plaintiff, Patricia Rao, was rendered sick, sore, lame, and disabled and caused to sustain loss of earnings and to incur medical expenses as a result of said fall.

## **FIRST CLAIM FOR RELIEF**

**(Negligence)**

25) Plaintiff repeats and re-alleges every allegation set forth above in the allegations common to all claims for relief as if set forth at length herein

26) That any or all of the above-named defendants had a duty to maintain the parking lot serving Bellevue Hospital in such a condition that Plaintiff would have had safe passage between her vehicle and Bellevue Hospital.  In particular, it was the duty of the above-named defendants to maintain the surface of the parking lot in a reasonably safe condition for use by plaintiff, and to warn plaintiff of any inconsistencies on the surface of the parking lot.

27) That any or all of the above-named defendants breached this duty to plaintiff in that defendant(s) failed to properly maintain the surface, repair the surface, correct the inconsistency at issue, warn the plaintiff, or give notice to the plaintiff of the fact that there was an inconsistency on the surface of the parking lot.

28) That any or all of the above-named defendants knew or should have known that the inconsistency on the surface of the parking lot constituted a dangerous condition for plaintiff and others, but the surface inconsistency and the danger created thereby was unknown to plaintiff at the time of the accident.

29) Plaintiff in all respects exercised due care for her own safety while walking across the parking lot *en route* to Bellevue Hospital.

30) That the fall and the injuries sustained by plaintiff were directly and proximately caused by: the negligence, carelessness, and/or recklessness of any or all defendants, their servants, agents, and employees in causing and/or permitting a dangerous condition to exist in the parking lot; maintaining the surface of the parking lot so that it constituted a nuisance and a trap and a menace to safety of the members of the public traversing the parking lot; the improper construction and maintenance of the surface of the parking lot; the failure of any or all of the above-named defendants to give any warning or notice of the condition, of the danger, and/or of the existence of a pipe protruding from the surface of the parking lot; maintaining a trap; failing to remedy the condition; causing plaintiff to fall; failing to use due care and caution under the circumstances; and by failing to guard against a danger which defendants should have anticipated.

31) That any or all of the defendants, as a result of the direct and proximate chain of causation, is/are jointly and severally liable for the injuries sustained by Patricia Rao.

32) That Plaintiff has sustained serious and debilitating injuries as a result of the foregoing, and that she will require medical treatment and surgery to heal and repair them.

33) That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## SECOND CLAIM FOR RELIEF

### (Failure to Warn)

34) Plaintiff repeats and re-alleges every allegation set forth above in the allegations common to all claims for relief and those allegations set forth above in the first claim for relief as though set forth at length herein.

35) That any or all of the defendants had a duty to warn members of the public, including visitors to Bellevue Hospital, as to the existence of a hazardous condition on the surface of the parking lot.  In particular, it was the duty of the above-named defendants to warn plaintiff of any inconsistencies on the surface of the parking lot.

36) That any or all of the above-named defendants breached this duty to plaintiff in that defendant(s) failed to warn or give notice to the plaintiff of the fact that there was an inconsistency on the surface of the parking lot.

37) That any or all of the above-named defendants knew or should have known that the inconsistency on the surface of the parking lot constituted a dangerous condition for plaintiff and others, but the surface inconsistency and the danger created thereby was unknown to plaintiff at the time of the accident.

38) Plaintiff in all respects exercised due care for her own safety while walking across the parking lot *en route* to Bellevue Hospital.

39) That the fall and the injuries sustained by plaintiff were directly and proximately caused by the failure of any or all of the above-named defendants to warn the plaintiff of the existence of the inconsistency on the surface of the parking lot.

40) That Plaintiff has sustained serious and debilitating injuries as a result of the foregoing, and that she will require medical treatment and surgery to heal and repair them.

41) That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

### THIRD CLAIM FOR RELIEF

### (Construction Defect)

42) Plaintiff repeats and re-alleges every allegation set forth above in the allegations common to all claims for relief and those allegations set forth above in the first and second claims for relief as though set forth at length herein

43) That any or all of the fictitious defendants had a duty to ensure that all construction-related inspections and repairs to the parking lot were properly completed so as to negate the occurrence of a safety hazard on the premises of the parking lot.

44) That any or all of the above-named defendants breached this duty to plaintiff in that defendant(s) failed to ensure that all construction-related inspections and repairs to the parking lot were properly completed so as to negate the occurrence of a safety hazard on the premises of the parking lot

45) That any or all of the above-named defendants knew or should have known that the inconsistency on the surface of the parking lot constituted a dangerous condition for plaintiff and others, but the surface inconsistency and the danger created thereby was unknown to plaintiff at the time of the accident.

46) Plaintiff in all respects exercised due care for her own safety while walking across the parking lot *en route* to Bellevue Hospital.

47) That the fall and the injuries sustained by plaintiff were directly and proximately caused by the failure of any or all of the above-named defendants to ensure that proper construction-related inspections and repairs had been effectuated so as to eliminate safety hazards such as inconsistencies on the surface of the parking lot.

48) That Plaintiff has sustained serious and debilitating injuries as a result of the foregoing, and that she will require medical treatment and surgery to heal and repair them.

49) That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants Bellevue Hospital, Manhattan Parking Systems, LLC, the City of New York, and fictitious defendants, jointly and severally, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated:  New York, New York
            February 12, 2008

                              /s/ Nicholas G. Sekas
                              (electronically filed)
                              Nicholas G. Sekas, (NS-3842)
                              SEKAS & ASSOCIATES, LLC
                              515 Madison Avenue – 8th Floor
                              New York, NY  10022
                              Phone: (212)695-7577
                              Attorneys for the Plaintiff