UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

PATRICIA RAO,

                                     Plaintiff,

                              -against-

BELLEVUE HOSPITAL, MANHATTAN
PARKING SYSTEMS, LLC, THE CITY OF NEW
YORK, and JOHN/JANE DOES 1-100 (Fictitious
persons whose names are not yet known) and XYZ
CORPORATIONS 1-100 (Fictitious corporations
whose identities are not yet known) ABC ENTITIES
1-100 (Fictitious commercial entities and/or
government agencies/departments whose identities
are not yet known),

                                    Defendants.

-------------------------------------------------------------------------x

**ANSWER**

08 CV 01922 (DAB)

NYC File No. 2007-017331

        Defendant, THE CITY OF NEW YORK, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies each allegation set forth in paragraph "1" of the complaint so far as the same may refer to the defendant answering hereby.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.     Denies the allegations set forth in paragraph "3" of the complaint so far as the same may refer to the defendant answering hereby.

        4.     Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph "4" of the complaint.

5.    Denies each allegation set forth in paragraph "5" of the complaint, except that the City of New York is a municipal corporation and that Health and Hospitals Corporation operates Bellevue Hospital Center pursuant to law.

6.    Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Admits the allegations set forth in paragraph "7" of the complaint.

8.    Denies each allegation set forth in paragraph "8" of the complaint so far as the same may refer to the defendant answering hereby.

9.    Denies each allegation set forth in paragraph "9" of the complaint so far as the same may refer to the defendant answering hereby.

10.    Denies each allegation set forth in paragraph "10" of the complaint so far as the same may refer to the defendant answering hereby.

11.    Denies each allegation set forth in paragraph "11" of the complaint so far as the same may refer to the defendant answering hereby.

12.    Denies each allegation set forth in paragraph "12" of the complaint so far as the same may refer to the defendant answering hereby.

13.    Denies each allegation set forth in paragraph "13" of the complaint so far as the same may refer to the defendant answering hereby.

14.    Denies each allegation set forth in paragraph "14" of the complaint so far as the same may refer to the defendant answering hereby.

15.    Denies the allegation set forth in paragraph "15" of the complaint so far as the same may refer to the defendant answering hereby.

16.    Denies each and every allegation set forth in paragraph "16" of the complaint.

17.    Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Denies the allegations set forth in paragraph "19" of the complaint except that Manhattan Parking Systems was responsible for the daily operation of the parking lot in question.

20.    Denies each allegation set forth in paragraph "20" of the complaint so far as the same may refer to the defendant answering hereby

21.    Denies each allegation set forth in paragraph "21" of the complaint so far as the same may refer to the defendant answering hereby.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies knowledge or information sufficient to form a belief with respect to the accuracy of the descriptions and interpretations of documents set forth in paragraph "23" of the complaint and in the exhibit referenced therein.  Denies the allegations set forth in paragraph "23" of the complaint.

24.    Denies each allegation set forth in paragraph "24" of the complaint so far as the same may refer to the defendant answering hereby.

25.    Denies each allegation set forth in paragraph "25" of the complaint except as otherwise pleaded herein.

26.    Denies each allegation set forth in paragraph "26" of the complaint so far as the same may refer to the defendant answering hereby.

27.    Denies each allegation set forth in paragraph "27" of the complaint so far as the same may refer to the defendant answering hereby.

28.    Denies each allegation set forth in paragraph "28" of the complaint so far as the same may refer to the defendant answering hereby.

29.    Denies each and every allegation set forth in paragraph "29" of the complaint.

30.    Denies each allegation set forth in paragraph "30" of the complaint so far as the same may refer to the defendant answering hereby.

31.    Denies each allegation set forth in paragraph "31" of the complaint so far as the same may refer to the defendant answering hereby.

32.    Denies each allegation set forth in paragraph "32" of the complaint so far as the same may refer to the defendant answering hereby.

33.    Denies each allegation set forth in paragraph "33" of the complaint so far as the same may refer to the defendant answering hereby.

34.    Denies each allegation set forth in paragraph "36" except as otherwise pleaded herein.

35.    Denies each allegation set forth in paragraph "35" of the complaint so far as the same may refer to the defendant answering hereby.

36.    Denies each allegation set forth in paragraph "36" of the complaint so far as the same may refer to the defendant answering hereby.

37.    Denies each allegation set forth in paragraph "37" of the complaint so far as the same may refer to the defendant answering hereby.

38.    Denies each and every allegation set forth in paragraph "38" of the complaint.

39.    Denies each allegation set forth in paragraph "39" of the complaint so far as the same may refer to the defendant answering hereby.

40.    Denies each allegation set forth in paragraph "40" of the complaint so far as the same may refer to the defendant answering hereby.

41.    Denies each allegation set forth in paragraph "41" of the complaint so far as the same may refer to the defendant answering hereby.

42.    Denies each allegation set forth in paragraph "42" except as otherwise pleaded herein.

43.    Denies each allegation set forth in paragraph "43" of the complaint so far as the same may refer to the defendant answering hereby.

44.    Denies each allegation set forth in paragraph "44" of the complaint so far as the same may refer to the defendant answering hereby.

45.    Denies each allegation set forth in paragraph "45" of the complaint so far as the same may refer to the defendant answering hereby.

46.    Denies each and every allegation set forth in paragraph "46" of the complaint.

47.    Denies each allegation set forth in paragraph "47" of the complaint so far as the same may refer to the defendant answering hereby.

48.    Denies each allegation set forth in paragraph "48" of the complaint so far as the same may refer to the defendant answering hereby.

49.    Denies each allegation set forth in paragraph "49" of the complaint so far as the same may refer to the defendant answering hereby.

50.    Denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph of the complaint or in each and every of the subparagraphs therein.

51.    Denies any portion of the complaint not specifically addressed herein.

## AFFIRMATIVE DEFENSES

52.    The plaintiff failed to state a claim upon which relief can be granted.

53.    The injuries and/or damages alleged to have been sustained by the plaintiff were caused in whole or part by the comparative negligence of the plaintiff.

54.    Where plaintiff seeks to recover damages pursuant to this action, any such costs or expenses from any collateral sources shall reduce any judgment rendered in favor of plaintiff as against defendant, to the extent permissible by law.

55.    Any and all risks, hazards, defects and dangers alleged are of an open, obvious, apparent nature, inherent and known or should have been known to plaintiff.

56.    The plaintiff failed to take reasonable steps to mitigate her damages.

## CROSS-CLAIMS

Any damages sustained by plaintiffs were caused, in whole or in part, by the acts or omissions of defendant the Manhattan Parking Systems, Inc., who is or may be liable to defendant the City of New York for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied.

WHEREFORE, defendant THE CITY OF NEW YORK demands judgment dismissing the complaint, or, in the event that the City of New York is adjudged liable, granting judgment over, or apportioning such liability in accordance with any not as yet identified defendant's equitable share of responsibility, and awarding the costs of this action, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        July 3, 2008

Yours, etc.,

MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
100 Church Street
New York, New York  10007

By:

Steven Bombard (SB0417)
Assistant Corporation Counsel
Room: 4-122
(212) 341-0793

TO:

Nicholas G. Sekas, (NS-3842)
Sekas & Associates, LLC
Attorneys for the Plaintiff
515 Madison Avenue – 8th Floor
New York, New York 10022