USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PATRICIA RAO,

       Plaintiff,

              08 Civ. 1922 (DAB)
 -against-           ORDER

BELLEVUE HOSPITAL, MANHATTAN PARKING
SYSTEMS LLC, THE CITY OF NEW YORK, and
JOHN/JANE DOES 1-100, XYZ CORPORATIONS
1-100, and ABC ENTITIES 1-100,

       Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

  Plaintiff, by her Complaint filed February 26, 2008, alleges that on November 29, 2006 she was injured in a parking lot at Bellevue Hospital. Plaintiff "served" Bellevue Hospital on March 14, 2008 and also served Manhattan Parking Systems. To date, neither Bellevue nor Manhattan Parking Systems have moved against nor Answered the Complaint.

  On July 11, 2008 the Court issued an Order to Show Cause. The Order stated that "[i]f plaintiff fails by August 11, 2008 to either (1) show cause, or (2) move for default judgment against defendants Bellevue Hospital and Manhattan Parking Systems, plaintiffs cause of action against those defendants shall be dismissed for failure to prosecute." (08 Civ. 1922, Dkt. No. 12.)

  On August 11, 2008, Plaintiff subsequently attempted to file, improperly, a Motion for Default Judgment against Bellevue

1

Hospital and Manhattan Parking Systems, which was stricken from the docket. (08 Civ 1922, Dkt. Nos. 13, 14.) On August 13, 2008, Plaintiff wrote the Court asking for an extension of time to file the Default Judgment Motion. (Ricco Ltr, Aug. 13, 2008 at 1.) In that letter they stated that they had been contacted by Defendant Manhattan Parking Systems. (Id.) They also suggested they might have to Move to Amend the Complaint. (Id.)

On August 18, 2008 the Court received a letter from the Law Department of the City of New York, who had already Answered the Complaint. (Bombard Ltr., Aug. 18, 2008, at 1.) In that letter they informed the Court that Bellevue is not a legal entity and that the proper party would have been the New York City Health and Hospital Corporation ("HHC"). (Id.) City Defendants also allege a one-year and ninety day statute of limitations on lawsuits against HHC, which they calculate would have expired on March 1, 2008, two weeks before Bellevue and Manhattan Parking Systems were served with the Complaint.

On the state of this record, the Court DISMISSES the Complaint as to Bellevue Hospital. After investigation by Plaintiff's Counsel, should there be a viable cause of action against HHC in light of the representations made by Defense Counsel for the City, they may amend their Complaint as to HHC within sixty (60) days of the date of this Order.

Should Plaintiff's attorneys determine how to file a proper Motion for Default Judgment with this Court they may also do so within thirty (30) days of the date of this Order, unless in the interim Manhattan Parking Systems files an Answer to the Complaint or a Motion to Dismiss.

SO ORDERED.

Dated:   New York, New York
         September 5, 2008

Deborah A. Batts
United States District Judge